DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Scott F. Gracyk, pled guilty to one count of escape.
Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that after thoroughly reviewing the record on appeal and after discussions with appellant's trial counsel, he has been unable to locate any meritorious issues for appellate review.
Counsel for appellant has, however, consistent with Anders, set forth the following potential assignments of error:
 "1. Whether the trial court erred in accepting a plea of guilty without adequately complying with the mandates of Crim.R. 11(C).
 "2. Whether, pursuant to Ohio law and the United States Constitution, the Appellant's conviction is supported by sufficient proof of guilt as to each element of the offense charged.
 "3. Whether the trial court abused its discretion in sentencing Appellant to a term of imprisonment, in light of R.C. 2929.11, R.C. 2929.12, and Crim.R. 32.
 "4. Whether Appellant was denied effective assistance of counsel."
 Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
On September 10, 1999, appellant was indicted and charged with one count of escape in violation of R.C. 2921.34(A) (1) and (C)(2)(b) after he failed to return to a work release facility where he was serving a sentence. At his arraignment, appellant pled not guilty to the charge and the case was set for trial. On October 25, 1999, however, appellant, in open court, withdrew his not guilty plea and entered a plea of guilty to the indicted charge. The court then questioned appellant regarding his understanding of the plea. During this questioning, the court ascertained that appellant completed the eleventh grade in high school, could read and write, was taking anti-depressants that did not interfere with his ability to comprehend the proceedings and was not under the effects of any substances at that time. The court then informed appellant of the nature of the charge and that the charge carried a penalty of one to five years imprisonment and/or a fine not to exceed $10,000. Upon questioning by the court, appellant stated that he understood the nature of the charge and the penalty involved. The court further informed appellant that he was eligible for community control or judicial release, that if a prison term were imposed it would be consecutive to the sentence for which he had been serving work release, and informed him of the circumstances under which he would be subject to post-release control. Appellant indicated that he understood those sentencing possibilities. The court then informed appellant of his constitutional rights and obtained from appellant his verbal and written acknowledgment that he understood those rights. At the conclusion of the hearing, the court found that appellant made a knowing, intelligent and voluntary waiver of his rights pursuant to Crim.R. 11. The court then accepted appellant's plea and found him guilty of the indicted charge. The court then referred the matter to the probation department for a presentence investigation and report and scheduled the case for sentencing.
On November 8, 1999, the case came before the trial court for sentencing. After taking statements from appellant's trial counsel and appellant himself, the court stated that it had considered the records, oral statements, any victim impact statement and the presentence report and had balanced the seriousness and recidivism factors under R.C. 2929.12. The court then found that appellant had been convicted of escape, a third degree felony, that appellant was not amenable to community control, that this was at least appellant's fourth felony offense, that appellant had served previous prison terms and that appellant was under community control at the time of the commission of the present offense. The court then sentenced appellant to two years incarceration and ordered that the sentence be served consecutive to the sentence imposed on appellant in case No. CR99-1086. The court further determined that the consecutive sentence was necessary to fulfill the purposes of R.C. 2929.11 and was not disproportionate to the seriousness of appellant's conduct. On November 9, 1999, the court filed a judgment entry reflecting that sentence. It is from that conviction and sentence that appellant now appeals.
In his first potential assignment of error, appellant questions whether the trial court adequately complied with the requirements of Crim.R. 11(C) in accepting his guilty plea.
Crim.R. 11(C)(2) provides:
 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
Upon a thorough review of the record, we conclude that the trial court substantially complied with Crim.R. 11(C) in accepting appellant's guilty plea. The first potential assignment of error is therefore not well-taken.
In his second potential assignment of error, appellant questions whether his conviction was supported by sufficient proof of guilt as to each element of the offense of escape. Because appellant pled guilty to the indicted offense, escape, the state was not required to prove that appellant committed the offense by proof beyond a reasonable doubt. Crim.R. 11(C)(2)(c). Accordingly, appellant has waived any right to challenge the evidence on appeal and his second potential assignment of error is not well-taken.
In his third potential assignment of error, appellant questions whether the trial court abused its discretion in sentencing him to a term of imprisonment in light of R.C. 2929.11, R.C. 2929.12 and Crim.R. 32.
Appellant was convicted of escape, a third degree felony. He was therefore subject to a term of imprisonment of one, two, three, four or five years. R.C. 2929.14(A)(3). In sentencing appellant to two years imprisonment, the trial court did not give him the maximum sentence. Accordingly, pursuant to R.C. 2953.08(A), appellant has no right to challenge his sentence on appeal. In reaching this conclusion, we note that appellant does not challenge his sentence pursuant to any of the grounds listed in R.C. 2953.08(A). Appellant's third proposed assignment of error is therefore not well-taken.
In his fourth and final potential assignment of error, appellant questions whether he was denied the effective assistance of trial counsel.
The Supreme Court of Ohio has adopted a two-part test for determining whether a defendant was afforded the effective assistance of counsel:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391 * * *; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011.
Having carefully reviewed the record of the proceedings below, we can find no evidence that either part of the two-part test was met in this case. Furthermore, we find no instance of appellant's case being prejudiced by any action taken by his trial counsel. Accordingly, the fourth potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous.
Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 _____________________ Melvin L. Resnick, J.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.